**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL GUZMAN SOBERANIS, | No.    21-70694 |
| Petitioner, | Agency No. A208-308-297 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Pasadena, California

Before:  BERZON, TALLMAN, and FRIEDLAND, Circuit Judges.

Angel Guzman Soberanis petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's order of removal.  We deny the petition for review.

1.      The IJ held that Guzman's testimony lacked credibility.  The BIA held

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that any challenge to this adverse credibility determination was waived because Guzman did not meaningfully address the IJ's reasoning. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019). In his Opening Brief to our court, Guzman has not disputed the BIA's waiver holding. Guzman has also not raised any specific challenges to the IJ's adverse credibility determination, so any such challenges are waived as well. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996); *accord Ghahremani v. Gonzales*, 498 F.3d 993, 997–98 (9th Cir. 2007).

2. Guzman next posits that he established a nexus between his social group, his family, and the harm he experienced or fears. To establish eligibility for withholding of removal, an applicant must show the existence of a nexus between past or feared future persecution and a statutorily protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017); 8 U.S.C. § 1231(b)(3)(A). Nexus is a question of fact. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Guzman claims that he has a reasonable fear of returning to Mexico because he is a member of his family.[1] But in addition to the IJ's adverse credibility finding, substantial evidence also supports the IJ's conclusion that any alleged or feared harm has no nexus to the claimed social group of his family. Because "[a]n alien's desire

---

[1] Guzman argues that family is a cognizable social group, but neither the BIA nor the IJ based denial of his application on this basis. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

2

to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground," *id.*, Guzman failed to establish nexus.

3.     Finally, with respect to CAT relief, Guzman contends that "it is clear that the Mexican government would 'turn a blind eye' and willingly fail to protect him from his persecutors" based on current country conditions.   But the BIA determined that Guzman did not meaningfully challenge the IJ's denial of CAT relief and thus considered the issue waived.   Guzman does not contest the BIA's waiver holding in his Opening Brief, so the CAT question is not before us on the merits. *Martinez-Serrano*, 94 F.3d at 1259.

Therefore, the petition is **DENIED**.   The pending motion for a stay is **DENIED** as moot.